**AMUNDSEN DAVIS**

April 24, 2023

**<u>VIA ELECTRONIC FILING</u>**
Office of the Clerk
United States Court of Appeals
For the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

RE:　*Michelle R. Gilbank v. Wood County Department of Health Services, et al.*
　　　Seventh Circuit Court of Appeals Case No.: 22-1037
　　　Response to Ms. Gilbank's Fed. R. App. 28(j) Citation of Supplemental Authority

Dear Clerk of the Seventh Circuit Court of Appeals:

　　On April 18, 2023, Ms. Gilbank provided the following supplemental authority: *Graff v. Aberdeen Enterprizes, II, Inc.*, No. 21-5031 (10th Cir. Apr. 10, 2023). She asserts that under *Graff*, a litigant "must specifically seek to modify or set aside a state court judgment" and that this is dispositive of the *Rooker-Feldman* doctrine as applied to her claims. Ltr., Dkt. No. 74 at 1.

　　However, the specific test the Tenth Circuit applies looks at whether the "plaintiff is asking the district court to review and reject the state court judgment." *Graff*, slip op. at 21. The Tenth Circuit held that the *Rooker-Feldman* doctrine did not apply because Plaintiffs did not allege that they "were wrongly convicted of their underlying offenses" nor did any of the claims challenge the sentences, fines, fees or costs. *Id*. at 26. Instead, the injuries arose from the debt collection practices post-judgment. *Id*. at 28–29. The Tenth Circuit explained "[t]he ten causes of action set out in the SACAC make clear Plaintiffs in no way challenge their underlying state-court judgments…" *Id*.

　　*Graff* is inapplicable to Ms. Gilbank's claims. The source of the alleged injuries in *Graff* was clearly independent of the state court judgment as it was the debt collection practices that occurred *after* judgment. Here, the source of Ms. Gilbank's alleged injuries is the state court judgment itself. Compl., R. 6 at 22; *see also* Wood Cnty. Br., Dkt. No. 54 at 17. So, while the Court may draw a line between injury arising from the court proceedings themselves and injury from the conduct of adversaries, as Ms.

Gilbank advocates for, it does not save her claims. Ms. Gilbank's custody-proceeding injuries do not arise from independent conduct, like those in *Graff*, rather they arise from the state court's judgment as to custody and, thus, are not independent regardless of the monetary relief sought. Wood Cnty. Br., Dkt. No. 54 at 17; MPD Br., Dkt. No. 55 at 22–31; *see, e.g.*, *Hadzi-Tanovic v. Johnson*, No. 21-3373, 62 F.4th 394, 401 (7th Cir. 2023); *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019).

Very truly yours,

| Amundsen Davis, LLC | Axley Brynelson, LLP |
|---|---|
| */s/ Jason R. Just* | */s/ Aneet Kaur* |
| Jason R. Just | Aneet Kaur |
| JRJ:tew | |