**HUSCH BLACKWELL**

Joseph S. Diedrich
Senior Associate

33 East Main Street, Suite 300
Madison, WI 53703
Direct: 608.258.7380
Fax: 608.258.7138
Joseph.Diedrich@huschblackwell.com

April 27, 2023

**VIA CM/ECF**

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St.
Room 2722
Chicago, IL 60604

    Re:    *Gilbank v. Wood Cnty. Dep't of Human Servs. et al.*, No. 22-1037
            Response to Appellees' Fed. R. App. P. 28(j) Citation of Supplemental
            Authority

To the Office of the Clerk of the Seventh Circuit Court of Appeals:

    On April 24, 2023, Appellees provided this Court with *Hadzi-Tanovic v. Johnson*, No. 21-3373, 62 F.4th 394 (7th Cir. 2023). Appellees assert that *Hadzi-Tanovic* overturned "a general conspiracy/corruption exception to *Rooker-Feldman*." Ltr., Dkt. No. 75 at 1. Appellees then contend that Gilbank relied on the now-overturned "conspiracy exception." Appellees are wrong for two major reasons.

    First, Gilbank never relied on any "conspiracy exception" to *Rooker-Feldman*. To the contrary, Gilbank explained that *Rooker-Feldman* treats her fraud claims the same as any other claim: barred when seeking modification or setting aside of a state-court judgment, and permissible when alleging extra-judicial injury. Reply Br. 11–12.

    Second and relatedly, Appellees overstate *Hadzi-Tanovic*'s breadth. Placing a "significant limit[]" on its holding, this Court explicitly left intact *Brokaw v. Weaver*, 305 F.3d 660 (7th Cir. 2020) and *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769 (7th Cir. 2014), which held "*Rooker-Feldman* does not apply where plaintiffs seek

Office of the Clerk
April 27, 2023
Page 2

damages for injuries caused not by state court corruption but by the fraudulent conduct of state court opponents." *Hadzi-Tanovic*, slip op. 23. Gilbank's injuries mirror those in *Brokaw* and *Johnson*—which remain good law. Indeed, *Hadzi-Tanovic* "does not speak to whether or under what circumstances allegations of fraud by state court opponents (acting without the participation of the state court) escape *Rooker-Feldman*." *Id.*, slip op. 24.

Rather, the issue presented in *Hadzi-Tanovic* concerns "claims based on alleged judicial corruption or bias." *Id.* Unlike in *Hadzi-Tanovic*, the judges who presided over Gilbank's state-court proceedings were dismissed from the action, which Gilbank does not challenge. Gilbank Br. 9. The remaining defendants are the social workers and police officers whose fraudulent conduct and independent constitutional violations began prior to the state-court proceedings. Put differently, Gilbank's injuries have nothing to do with corruption or bias, but instead relate to fraud and other constitutional injuries precipitated by conduct committed by state-court adversaries that predated state-court proceedings. Gilbank Br. 30–33; Reply Br. 10.

Finally, even if Gilbank does allege any "general corruption" claims (something she disputes), *Rooker-Feldman* would bar only those specific claims. All other claims would survive.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Joseph S. Diedrich

Joseph S. Diedrich
Senior Associate

Office of the Clerk
April 27, 2023
Page 3

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter does not exceed 350 words.

Dated: April 27, 2023

                                      /s/ Joseph S. Diedrich
                                      Joseph S. Diedrich