**AMUNDSEN DAVIS**

June 26, 2023

**<u>VIA ELECTRONIC FILING</u>**
Office of the Clerk
United States Court of Appeals
For the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

RE:  *Michelle R. Gilbank v. Wood County Department of Health Services, et al.*
  Seventh Circuit Court of Appeals Case No.: 22-1037
  Fed. R. App. 28(j) Citation of Supplemental Authority

Dear Clerk of the Seventh Circuit Court of Appeals:

On June 13, 2023, this Court issued an order[1] in *Sharif v. Mackoff*, No. 22-1190, 2023 WL 3971410 (7th Cir. June 13, 2023), affirming the dismissal of a complaint at the lower court because this Court found that the *Rooker-Feldman* doctrine applied. In *Sharif*, Sharif was held in contempt and jailed for failing to pay attorney's fees in a state-court divorce proceeding. *Id*. at *1. Sharif brought 42 U.S.C. § 1983 claims against the state-court judge. *Id*. The district court declined to apply the *Rooker-Feldman* doctrine, but dismissed the claims as barred by absolute judicial immunity.

This Court found *Rooker-Feldman* directly applied. This Court applied its recent decision in *Hadzi-Tanovic v. Johnson*, No. 21-3373, 62 F.4th 394 (7th Cir. 2023), and explained that *Rooker-Feldman* applied because Sharif "invite[d] a federal court to review and reject the state court judgment by awarding damages against the judge who issued the judgement." *Sharif*, 2023 WL 3971410 at *3. This Court explained that Sharif "has not alleged any harm not caused by state-court orders" and the *Rooker-Feldman* doctrine applied "even though Sharif seeks damages instead of direct reversal of the state-court order."

Ms. Gilbank raises the same arguments as Sharif, including in her recent citation to *Hohenberg v. Shelby Cty*., No. 22-5783, 68th F.4th 336 (6th Cir. 2023). These arguments should be similarly rejected by this Court. She argues that because she

---

[1] Although *Sharif* is an unpublished order, it is citable pursuant to Fed. R. App. 32.1 and Cir. R. 32.1, as persuasive, but not precedential authority.

seeks monetary damages, she does not seek review and rejection of the state-court orders. Yet, Sharif made that same argument and this Court correctly rejected it, explaining that the cause of the harm must be examined and must be separate from the state court's decision. Ms. Gilbank's harm—the loss of custody of her daughter and accompanying injuries—were caused by the state court's orders and Ms. Gilbank has not identified an independent action. The Court should follow *Hadzi-Tanovic* and *Sharif* and find these claims barred by *Rooker-Feldman*.

Very truly yours,

| Amundsen Davis, LLC | Axley Brynelson, LLP |
|---|---|
| *[signature]* | *[signature]* |
| Jason R. Just | Aneet Kaur |
| JRJ:tew | |

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter does not exceed 350 words.

Dated: June 26, 2023                    s/ Jason R. Just
                                              Jason R. Just

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2023[*]
Decided June 13, 2023

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 22-1190

| | |
|---|---|
| RICHARD SHARIF, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 1:21-cv-02635 |
| MYRON F. MACKOFF, *Defendant-Appellee*. | **Charles P. Kocoras**, *Judge*. |

**O R D E R**

During state-court divorce proceedings, plaintiff-appellant Richard Sharif was held in contempt and jailed for failing to pay attorney's fees. He appealed the order sending him to jail, but he later withdrew that appeal. He then filed this suit in federal court. He alleged that the state-court judge violated his due process rights by forcing him to choose between withdrawing his appeal and remaining in jail. The district court dismissed the action on the ground that the state judge had absolute immunity and then

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

denied Sharif's motion to reconsider that ruling. Because there is no federal subject matter jurisdiction over this lawsuit, we modify the judgment to make the dismissal one for lack of jurisdiction and affirm the judgment as modified.

The defendant moved to dismiss for lack of jurisdiction and failure to state a claim for relief without raising factual issues about jurisdiction. We therefore treat the factual allegations of the complaint as true, without actually vouching for their truth. *Nelson v. City of Chicago*, 992 F.3d 599, 602 (7th Cir. 2021). Under a temporary order during the divorce proceedings, Sharif was required to pay maintenance and child support, as well as attorney's fees for a child representative. Sharif alleges that defendant Judge Mackoff, the presiding judge, increased the amount that Sharif was required to pay despite knowing that he could not afford to pay the new amount. Sharif appealed the maintenance order to the state appellate court, but the appeal was dismissed because temporary maintenance orders are not appealable under Illinois law. Sharif's motions to reduce the obligation were denied. When Sharif did not pay the required amount—specifically the attorney's fees—Judge Mackoff issued a contempt order, and Sharif was sent to jail. Judge Mackoff set Sharif's bond at $100,000—an amount that he knew Sharif could not pay.

Sharif appealed the contempt order, but he says that the appellate court did not consider his incarceration an emergency. This led him to believe, he argues, that he could have been in jail for a year or more while the appeal was pending unless he paid what the judge had said he owed. Sharif remained in jail for over 60 days, which, he asserts, violated "the standard for Domestic Relation judges in keeping parents in jail," because Judge Mackoff did not want him to appeal the contempt order and thus "expose" the judge's alleged corruption (allegedly requiring Sharif to pay fees to a friend of the judge). Sharif asserts that Judge Mackoff forced him to choose between withdrawing his appeal and remaining in jail until the appellate court heard his case. At times, this "forced choice" seems to be implied by the circumstances—the amount of fees, the high bond, and the unavailability of an expedited appeal combining to keep him jailed. But elsewhere, Sharif suggests that the choice was made explicit. For instance, in his appellate reply brief Sharif asserts for the first time that Judge Mackoff said in a ruling that "if Sharif withdraws his pending appeal, Sharif will be released from jail."

According to Sharif, Judge Mackoff indeed released him from jail shortly after he withdrew his appeal of the contempt order, and then the judge lowered the required maintenance amount for unexplained reasons. Because contempt orders that impose

sanctions are final judgments under Illinois law and immediately appealable, see Ill. S. Ct. R. 304(b)(5), and Sharif withdrew his appeal, the contempt order was a final decision before Sharif filed this federal action.

Sharif sued Judge Mackoff in federal court under 42 U.S.C. § 1983, alleging violations of his procedural and substantive due process rights. He also brought a claim under 18 U.S.C. § 1964, the civil remedy for criminal violations of the federal racketeering statute. Judge Mackoff moved to dismiss, arguing that the claims were barred by absolute judicial immunity and the *Rooker-Feldman* doctrine. Sharif did not respond to the motion to dismiss within the time prescribed by the district court's briefing order. The district court declined to apply the *Rooker-Feldman* doctrine, understandably finding some uncertainty in the precise scope, but granted the motion on the ground that Sharif's claims were barred by judicial immunity. Judgment was entered on September 24, 2021.

On January 7, 2022, Sharif filed a "Motion to Vacate Default Judgment" and sought leave to file an amended complaint. There had been no default judgment, so the district court construed the filing as a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Sharif attested that he had never received notice of the motion to dismiss or the ruling, but the district court found that records from the Case Management/Electronic Case Files program showed that Sharif had been notified of the motion and the briefing order.

Sharif argued that the district judge had misunderstood his injury: he was seeking redress not for the incarceration but for Judge Mackoff's alleged interference with his appeal. Sharif also argued that Judge Mackoff did not have immunity from suit because that interference was outside his jurisdiction as a trial judge. The district court again ruled that absolute immunity barred the suit and denied the motion. The district court also denied Sharif's request for leave to file an amended complaint because amendment would have been futile given the judicial-immunity defense.

After the denial of his motion on January 25, 2022, Sharif filed his notice of appeal on February 6, 2022. This was a timely appeal of the denial of his Rule 60(b) motion, but the notice of appeal did not bring up the dismissal order. Sharif did not file his post-judgment motion until well after both the 28-day window for a motion that extends the time to appeal and the 30-day window to file a civil appeal. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(1)(A), 4(a)(4); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). We have jurisdiction to consider only the decision denying the

Rule 60(b) motion. We review such denials for abuse of discretion, see *Banks*, 750 F.3d at 667, but we cannot overlook the issue of subject-matter jurisdiction.

We have appellate jurisdiction over the denial of the Rule 60(b) motion, but we cannot turn to the non-jurisdictional defense of absolute judicial immunity until we resolve the question of federal subject-matter jurisdiction. The *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction here. The doctrine stems from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The scope of the doctrine today is shaped by the Supreme Court's authoritative restatement of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). The Court explained there that the doctrine should apply only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284.

All of these requirements are met here. Sharif lost in state court, and he complains of injuries caused by a state-court judgment rendered before the federal case was filed. He also invites a federal court to review and reject the state court judgment by awarding damages against the judge who issued the judgment. This case is very similar to our recent decision in *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). There we dismissed under the *Rooker-Feldman* doctrine a federal plaintiff's claims that she had been injured by state-court orders in divorce proceedings resulting from alleged corruption. We also overruled language from *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995), that had led to the district court's uncertainty about *Rooker-Feldman* in this case. See 62 F.4th at 402.

Sharif insists that he "is not complaining about his imprisonment," but *Rooker-Feldman* still bars the suit if he is complaining about injuries caused by the state-court order rather than some independent action. See *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). This is true even though Sharif seeks damages instead of direct reversal of the state-court order. See, e.g., *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Sharif has not alleged any harm not caused by state-court orders. For instance, Sharif suggests that Judge Mackoff set a high bond and kept him in jail for over 30 days to interfere with his appellate rights. These injuries arise from the court's orders that set his bond and caused him to be jailed. See *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). Sharif also asserts that because of Judge Mackoff's actions, he was "incarcerated for two months" and that Judge Mackoff illegally withdrew funds (presumably the attorney's fees) from Sharif. These allegations, too, complain about injuries caused by the state

court's contempt order, which itself enforced previous court orders. To the extent that Sharif alleges that Judge Mackoff issued a "ruling"—however inappropriate—telling Sharif to withdraw his appeal or remain in jail, then his claims clearly attack the legitimacy of a state-court order.

Because we cannot separate Sharif's alleged injuries from the contempt order, and because Sharif does not demonstrate that he lacked a "reasonable opportunity" to raise his federal issues in state court, see *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 392 (7th Cir. 2019), federal jurisdiction over the case is barred by the *Rooker-Feldman* doctrine. We do not reach the merits of the dismissal order or the denial of the motion for leave to amend.

A jurisdictional dismissal must be without prejudice, but that designation signifies only that these are not decisions on the merits that would have preclusive effect in the proper forum. The case is over in federal court. See *Carter v. Buesgen*, 10 F.4th 715, 720 (7th Cir. 2021); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). We therefore modify the district court's judgment of dismissal to a dismissal for lack of subject-matter jurisdiction. As modified, the judgment is AFFIRMED.

**Sharif v. Mackoff, Not Reported in Fed. Rptr. (2023)**

Case: 22-1037　　Document: 79　　Filed: 06/26/2023　　Pages: 11

2023 WL 3971410
Only the Westlaw citation is currently available.
United States Court of Appeals, Seventh Circuit.

Richard SHARIF, Plaintiff-Appellant,
v.
Myron F. MACKOFF, Defendant-Appellee.

No. 22-1190
|
Submitted January 5, 2023 [*]
|
Decided June 13, 2023

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 1:21-cv-02635, Charles P. Kocoras, *Judge.*

**Attorneys and Law Firms**

Richard Sharif, Chicago, IL, Pro Se.

Nadine J. Wichern, Attorney, Office of the Attorney General, Chicago, IL, for Defendant-Appellee.

Before DIANE S. SYKES, Chief Judge, DAVID F. HAMILTON, Circuit Judge, CANDACE JACKSON-AKIWUMI, Circuit Judge

### ORDER

**\*1** During state-court divorce proceedings, plaintiff-appellant Richard Sharif was held in contempt and jailed for failing to pay attorney's fees. He appealed the order sending him to jail, but he later withdrew that appeal. He then filed this suit in federal court. He alleged that the state-court judge violated his due process rights by forcing him to choose between withdrawing his appeal and remaining in jail. The district court dismissed the action on the ground that the state judge had absolute immunity and then denied Sharif's motion to reconsider that ruling. Because there is no federal subject matter jurisdiction over this lawsuit, we modify the judgment to make the dismissal one for lack of jurisdiction and affirm the judgment as modified.

The defendant moved to dismiss for lack of jurisdiction and failure to state a claim for relief without raising factual issues about jurisdiction. We therefore treat the factual allegations of the complaint as true, without actually vouching for their truth. *Nelson v. City of Chicago*, 992 F.3d 599, 602 (7th Cir. 2021). Under a temporary order during the divorce proceedings, Sharif was required to pay maintenance and child support, as well as attorney's fees for a child representative. Sharif alleges that defendant Judge Mackoff, the presiding judge, increased the amount that Sharif was required to pay despite knowing that he could not afford to pay the new amount. Sharif appealed the maintenance order to the state appellate court, but the appeal was dismissed because temporary maintenance orders are not appealable under Illinois law. Sharif's motions to reduce the obligation were denied. When Sharif did not pay the required amount —specifically the attorney's fees—Judge Mackoff issued a contempt order, and Sharif was sent to jail. Judge Mackoff set Sharif's bond at $100,000—an amount that he knew Sharif could not pay.

Sharif appealed the contempt order, but he says that the appellate court did not consider his incarceration an emergency. This led him to believe, he argues, that he could have been in jail for a year or more while the appeal was pending unless he paid what the judge had said he owed. Sharif remained in jail for over 60 days, which, he asserts, violated "the standard for Domestic Relation judges in keeping parents in jail," because Judge Mackoff did not want him to appeal the contempt order and thus "expose" the judge's alleged corruption (allegedly requiring Sharif to pay fees to a friend of the judge). Sharif asserts that Judge Mackoff forced him to choose between withdrawing his appeal and remaining in jail until the appellate court heard his case. At times, this "forced choice" seems to be implied by the circumstances—the amount of fees, the high bond, and the unavailability of an expedited appeal combining to keep him jailed. But elsewhere, Sharif suggests that the choice was made explicit. For instance, in his appellate reply brief Sharif asserts for the first time that Judge Mackoff said in a ruling that "if Sharif withdraws his pending appeal, Sharif will be released from jail."

**\*2** According to Sharif, Judge Mackoff indeed released him from jail shortly after he withdrew his appeal of the contempt order, and then the judge lowered the required maintenance amount for unexplained reasons. Because contempt orders that impose sanctions are final judgments under Illinois law and immediately appealable, see Ill. S. Ct. R. 304(b)(5), and Sharif withdrew his appeal, the contempt order was a final decision before Sharif filed this federal action.

**Sharif v. Mackoff, Not Reported in Fed. Rptr. (2023)**

Case: 22-1037     Document: 79     Filed: 06/26/2023     Pages: 11

Sharif sued Judge Mackoff in federal court under 42 U.S.C. § 1983, alleging violations of his procedural and substantive due process rights. He also brought a claim under 18 U.S.C. § 1964, the civil remedy for criminal violations of the federal racketeering statute. Judge Mackoff moved to dismiss, arguing that the claims were barred by absolute judicial immunity and the *Rooker-Feldman* doctrine. Sharif did not respond to the motion to dismiss within the time prescribed by the district court's briefing order. The district court declined to apply the *Rooker-Feldman* doctrine, understandably finding some uncertainty in the precise scope, but granted the motion on the ground that Sharif's claims were barred by judicial immunity. Judgment was entered on September 24, 2021.

On January 7, 2022, Sharif filed a "Motion to Vacate Default Judgment" and sought leave to file an amended complaint. There had been no default judgment, so the district court construed the filing as a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Sharif attested that he had never received notice of the motion to dismiss or the ruling, but the district court found that records from the Case Management/Electronic Case Files program showed that Sharif had been notified of the motion and the briefing order.

Sharif argued that the district judge had misunderstood his injury: he was seeking redress not for the incarceration but for Judge Mackoff's alleged interference with his appeal. Sharif also argued that Judge Mackoff did not have immunity from suit because that interference was outside his jurisdiction as a trial judge. The district court again ruled that absolute immunity barred the suit and denied the motion. The district court also denied Sharif's request for leave to file an amended complaint because amendment would have been futile given the judicial-immunity defense.

After the denial of his motion on January 25, 2022, Sharif filed his notice of appeal on February 6, 2022. This was a timely appeal of the denial of his Rule 60(b) motion, but the notice of appeal did not bring up the dismissal order. Sharif did not file his post-judgment motion until well after both the 28-day window for a motion that extends the time to appeal and the 30-day window to file a civil appeal. See Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(1)(A), 4(a)(4); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). We have jurisdiction to consider only the decision denying the Rule 60(b) motion. We review such denials for abuse of discretion, see *Banks*, 750 F.3d at 667, but we cannot overlook the issue of subject-matter jurisdiction.

We have appellate jurisdiction over the denial of the Rule 60(b) motion, but we cannot turn to the non-jurisdictional defense of absolute judicial immunity until we resolve the question of federal subject-matter jurisdiction. The *Rooker-Feldman* doctrine precludes the exercise of federal jurisdiction here. The doctrine stems from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The scope of the doctrine today is shaped by the Supreme Court's authoritative restatement of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). The Court explained there that the doctrine should apply only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

**\*3** All of these requirements are met here. Sharif lost in state court, and he complains of injuries caused by a state-court judgment rendered before the federal case was filed. He also invites a federal court to review and reject the state court judgment by awarding damages against the judge who issued the judgment. This case is very similar to our recent decision in *Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir. 2023). There we dismissed under the *Rooker-Feldman* doctrine a federal plaintiff's claims that she had been injured by state-court orders in divorce proceedings resulting from alleged corruption. We also overruled language from *Nesses v. Shepard*, 68 F.3d 1003 (7th Cir. 1995), that had led to the district court's uncertainty about *Rooker-Feldman* in this case. See 62 F.4th at 402.

Sharif insists that he "is not complaining about his imprisonment," but *Rooker-Feldman* still bars the suit if he is complaining about injuries caused by the state-court order rather than some independent action. See *Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). This is true even though Sharif seeks damages instead of direct reversal of the state-court order. See, e.g., *Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Sharif has not alleged any harm not caused by state-court orders. For instance, Sharif suggests that Judge

Sharif v. Mackoff, Not Reported in Fed. Rptr. (2023)

Case: 22-1037    Document: 79    Filed: 06/26/2023    Pages: 11

Mackoff set a high bond and kept him in jail for over 30 days to interfere with his appellate rights. These injuries arise from the court's orders that set his bond and caused him to be jailed. See *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). Sharif also asserts that because of Judge Mackoff's actions, he was "incarcerated for two months" and that Judge Mackoff illegally withdrew funds (presumably the attorney's fees) from Sharif. These allegations, too, complain about injuries caused by the state court's contempt order, which itself enforced previous court orders. To the extent that Sharif alleges that Judge Mackoff issued a "ruling"—however inappropriate—telling Sharif to withdraw his appeal or remain in jail, then his claims clearly attack the legitimacy of a state-court order.

Because we cannot separate Sharif's alleged injuries from the contempt order, and because Sharif does not demonstrate that he lacked a "reasonable opportunity" to raise his federal issues in state court, see *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 392 (7th Cir. 2019), federal jurisdiction over the case is barred by the *Rooker-Feldman* doctrine. We do not reach the merits of the dismissal order or the denial of the motion for leave to amend.

A jurisdictional dismissal must be without prejudice, but that designation signifies only that these are not decisions on the merits that would have preclusive effect in the proper forum. The case is over in federal court. See *Carter v. Buesgen*, 10 F.4th 715, 720 (7th Cir. 2021); *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). We therefore modify the district court's judgment of dismissal to a dismissal for lack of subject-matter jurisdiction. As modified, the judgment is AFFIRMED.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 3971410

---

**Footnotes**

\*   We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. Fed. R. App. P. 34(a)(2)(C).

---