**HUSCH BLACKWELL**

Joseph S. Diedrich
Senior Associate

33 East Main Street, Suite 300
Madison, WI 53703
Direct: 608.258.7380
Fax: 608.258.7138
Joseph.Diedrich@huschblackwell.com

June 30, 2023

**VIA CM/ECF**

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St.
Room 2722
Chicago, IL 60604

> Re: *Gilbank v. Wood Cnty. Dep't of Human Servs. et al.*, No. 22-1037
> Response to Appellee's Fed. R. App. P. 28(j) Citation of Supplemental Authority

To the Office of the Clerk of the Seventh Circuit Court of Appeals:

On June 26, 2023, Appellees provided this Court with *Sharif v. Mackoff*, No. 22-1190, 2023 WL 3971410 (7th Cir. June 13, 2023), an unpublished order. Appellees claim that *Sharif* supports affirmance of the district court's *Rooker-Feldman* decision. But *Sharif* is inapposite for at least two reasons.

First, in *Sharif*, the pro se appellant, Sharif, sued only the state-court judge who issued the orders. *Id.* at *2. Gilbank, however, proceeds not against her state-court judges but against *adversaries*.

Second, Sharif alleged only injuries directly caused by the state-court orders. *Id.* at *3. Sharif complained that he was jailed. *Id.* But an order itself caused his jailing. *Id.* Sharif complained that his bond was set too high. *Id.* But an order itself set his bond. *Id.* And Sharif complained that his jailing interfered with his appeal rights. *Id.* Again, a state-court order itself was to blame. *Id.* In short, Sharif's injuries were directly caused by the state-court orders, so *Rooker-Feldman* applied. *Id.*

    Here, by contrast, none of Gilbank's alleged injuries was caused by state-court orders themselves. Rather, Gilbank's injuries arise from conduct occurring before any judicial involvement, including, among other things, the illegal search and seizure and the unconstitutional questioning without an attorney. *See* Gilbank Reply Br. 8-9 (Dkt. 62). These injuries are readily separable from any state-court order, and Gilbank's success on her request for damages, unlike Sharif's, would not call into question the state-court orders, which decided custody and the best interests of the child.

    In urging this Court to reject Gilbank's argument that *Exxon* requires courts to look at the relief the plaintiff seeks, Appellees ask this Court to create (or deepen) a circuit split. *See, e.g.*, *Hohenberg v. Shelby County*, 68 F.4th 336, 340 (6th Cir. 2023) (stressing that courts must look at relief when analyzing *Rooker-Feldman*'s "review and rejection" element). This Court should reject Appellees' invitation to do so and instead join other circuits that have brought their *Rooker-Feldman* tests in line with *Exxon*. *See Sharif*, 2023 WL 3971410, at *2 (referring to *Exxon* as the "authoritative restatement of the [*Rooker-Feldman*] doctrine).

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Joseph S. Diedrich

Joseph S. Diedrich
Senior Associate

cc:    Counsel of record (via ECF)

Office of the Clerk
June 30, 2023
Page 3

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter does not exceed 350 words.

Dated: June 30, 2023

                                    /s/ Joseph S. Diedrich
                                    Joseph S. Diedrich