**AMUNDSEN DAVIS**

August 2, 2023

<u>***VIA ELECTRONIC FILING***</u>
Office of the Clerk
United States Court of Appeals
For the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

RE:     *Michelle R. Gilbank v. Wood County Department of Health Services, et al.*
        Seventh Circuit Court of Appeals Case No.: 22-1037
        Response to Ms. Gilbank's Fed. R. App. 28(j) Citation of Supplemental
        Authority

Dear Clerk of the Seventh Circuit Court of Appeals:

On July 24, 2023, Ms. Gilbank provided the following supplemental authority:
*Hunter v. McMahon*, No. 21-1473 (2d Cir. July 21, 2023) (slip op). ECF No. 81.
Notably, the primary reason that the Second Circuit held that the *Rooker-Feldman*
Doctrine did not apply was because the plaintiff filed her federal lawsuit before her
state court proceedings had concluded; thus, there was no "state court loser." *Id.* at
10–14.

The Second Circuit's decision in *Hunter* supports Defendants' arguments and
positions. The *Hunter* Court explains that the core aspect of the *Rooker-Feldman*
analysis is whether "plaintiff complains of injuries caused by a state court judgment"
and found that "not all of Hunter's alleged injuries" were caused by the state court
judgment. *Id.* at 15. The relevant inquiry is to the alleged injuries—not the requested
relief. This is contrary to Ms. Gilbank's argument that her requested relief should
govern the analysis and because she sought damages and not relief from the state
court proceeding her claims were not barred. *See* Gilbank Br. at 24–25; Gilbank Reply
Br. at 6.

The Second Circuit found that Hunter alleged injuries from a conspiracy prior to
any decisions[1] by the state court and that such claims would not be barred by the

---

[1] The Seventh Circuit recently reaffirmed its rejection of a broad conspiracy/corruption exception to
the *Rooker-Feldman* Doctrine in *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 406 (7th Cir. 2023).


*Rooker-Feldman* Doctrine. Ms. Gilbank, however, alleged no injury arising from a source prior to the state court judgment. *See* Compl., App. 50, R. 6 at 22. To the extent that such an injury had occurred separate from the state court judgment, the District Court held that those claims were barred for other reasons, such as claim preclusion and Ms. Gilbank's failure to state a claim. *See* App. 13–16, R. 131 at 12–15. Therefore, the Second Circuit's analysis supports the approach Defendants used and advocated for during oral arguments, not Ms. Gilbank's relief-focused test. Wood Cnty. Defs.' Br. at 16–19; Marshfield Cnty. Defs.' Br. at 23–31, 36, 41–56.

Very truly yours,

Amundsen Davis, LLC                                    Axley Brynelson, LLP

Jason R. Just                                          Aneet Kaur
JRJ:tew

**AMUNDSEN DAVIS**

## *CERTIFICATE OF COMPLIANCE*

I certify that the body of this letter does not exceed 350 words.

Dated: August 2, 2023                    s/ Jason R. Just
                                                        Jason R. Just