**AMUNDSEN DAVIS**

August 23, 2023

**<u>VIA ELECTRONIC FILING</u>**
Office of the Clerk
United States Court of Appeals
For the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

RE: *Michelle R. Gilbank v. Wood County Department of Health Services, et al.*
Seventh Circuit Court of Appeals Case No.: 22-1037
Fed. R. App. 28(j) Citation of Supplemental Authority

Dear Clerk of the Seventh Circuit Court of Appeals:

Ms. Gilbank argues that she "do[es] not directly challenge the state court judgment" because she seeks monetary damages and not relief from the state court's judgment, so *Rooker-Feldman* cannot apply. Appellant's Br. at 11, 24–28.

Judge Peterson correctly found that Ms. Gilbank's arguments regarding lies and false evidence during the state court custodial proceedings were "a way to attack the juvenile court's decision," and a finding in her favor would contradict the state court's orders, and that *Rooker-Feldman* barred such claims. Appellant's App. at 12.

On August 16, 2023, the Tenth Circuit decided *Waller v. Waller*, No. 23-3077, 2023 WL 5273769 (10th Cir. 2023), which affirmed the dismissal of claims as barred by *Rooker-Feldman*. Waller brought claims, including due process violations, arising from allegations that his ex-wife lied during divorce proceedings.

As the Tenth Circuit explained, Waller's allegations that his ex-wife lied under oath were rejected by the state court, and by bringing the claims in Federal Court, he "invit[ed] review and rejection of a state court judgment." 2023 WL 5273769 at *2. The Court explained "[t]he state district court rejected the assertion that Ms. Waller lied in her petition for abuse or testimony, meaning Mr. Waller asks this court to reject the state court's judgment. This we cannot do." *Id*.


Waller sought monetary damages. *Id.* at *1. Under Ms. Gilbank's *Rooker-Feldman* interpretation, the analysis should have ended there since Waller sought only damages, and not review and rejection of the state court. Appellant's Br. at 24–28.

Just as the Tenth Circuit held in *Waller*, Ms. Gilbank's claims are complaints about her state court outcomes and attempting to describe them as violations of due process do not save them. *Id.* at *2; Appellant's App. at 41–44. The substance of Waller's claims asked the Federal Court to reject the state court's judgment and were barred. This Court, too, should find that Ms. Gilbank's claims based on allegations that Defendants lied and presented false evidence during the state court proceedings are likewise invitations to review and reject the state court decision and are barred by *Rooker-Feldman*.

Very truly yours,

| | |
|---|---|
| Amundsen Davis, LLC | Axley Brynelson, LLP |
| *(signature)* | *(signature)* |
| Jason R. Just | Aneet Kaur |
| JRJ:tew | |


## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter does not exceed 350 words.

Dated: August 23, 2023                      <u>s/ Jason R. Just</u>
                                                                      Jason R. Just

**Waller v. Waller, Not Reported in Fed. Rptr. (2023)**

Case: 22-1037          Document: 83          Filed: 08/23/2023          Pages: 6

**2023 WL 5273769**
Only the Westlaw citation is currently available.
United States Court of Appeals, Tenth Circuit.

Michael T. WALLER, Plaintiff - Appellant,

v.

Dolly Ardona WALLER, Defendant - Appellee.

No. 23-3077
|
FILED August 16, 2023

(D.C. No. 2:23-CV-02080-HLT-TJJ) (D. Kansas)

**Attorneys and Law Firms**

Michael T. Waller, Kansas City, MO, Pro Se.

Jean Ann Uvodich, Jean Ann Uvodich, Olathe, KS, for Defendant - Appellee.

Before BACHARACH, KELLY, and MORITZ, Circuit Judges.[*]

**ORDER AND JUDGMENT**[**]

Paul J. Kelly, Jr., Circuit Judge

**\*1** Plaintiff-Appellant Michael T. Waller appeals from the district court's judgment dismissing his claims and action without prejudice for lack of subject matter jurisdiction. The district court concluded that Rooker-Feldman barred Mr. Waller's claims. I R. 117–20. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Our review of a dismissal for lack of subject matter jurisdiction is de novo. Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015). Because Mr. Waller proceeds pro se, we construe his pleading liberally but cannot act as an advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Mr. Waller sought damages arising from perjury, assault, libel, and slander by Ms. Waller during divorce proceedings, as well as a violation of due process. I R. 8–9. The district court reasoned that: (1) to the extent Mr. Waller claimed Ms. Waller lied during state court proceedings, those claims were barred by Rooker-Feldman; and (2) to the extent Mr. Waller alleged an assault, he improperly sought resolution of a domestic dispute in federal court. Id. 119–20. The court denied Ms. Waller's motion for attorney's fees but cautioned Mr. Waller about relitigating his dispute in federal court. Id. 120.[1] On appeal, Mr. Waller reasserts the allegations in his complaint and appears to contend that this court has jurisdiction because perjury is a federal offense and the state court judge was biased in violation of his due process rights. See Aplt. Br. at 3, 10–14.

The Rooker-Feldman doctrine prevents federal courts, except the United States Supreme Court, "from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " Graff v. Aberdeen Enterprizes, II, Inc., 65 F.4th 500, 514 (10th Cir. 2023) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). This jurisdictional bar applies when "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." Id. (quoting Bruce v. City & Cnty. of Denver, 57 F.4th 738, 746 (10th Cir. 2023), petition for certiorari docketed No. 22-1087, (May 9, 2023)). Plaintiffs cannot circumvent Rooker-Feldman by couching claims as violations of due process. Id. at 515 n.17.

**\*2** Mr. Waller's slander and libel claims are barred by Rooker-Feldman. In a prior state court complaint, Mr. Waller alleged defamation, libel, and slander against Ms. Waller based on her statements during their divorce proceedings. I R. 27–31. He contended that Ms. Waller had stated under oath that he assaulted her when that was not true and lied in her petition for abuse. Id. 27–32. After a trial, the state district court held that communications in the pleadings are privileged communications within the legal system and not a publication to third parties as required by Kansas defamation law. Id. 35. The court held Mr. Waller failed to provide sufficient evidence to show any of Ms. Waller's statements were false. Id. 37. On February 17, 2023, Mr. Waller also filed a "Notice of Appeal," requesting transfer to federal court. Id. 19.

Mr. Waller now renews the same allegations: that Ms. Waller lied in her petition for abuse and that she lied that he assaulted her. Id. 8–9. This invites review and rejection of a state court

**Waller v. Waller, Not Reported in Fed. Rptr. (2023)**

Case: 22-1037     Document: 83     Filed: 08/23/2023     Pages: 6

judgment, which is barred by Rooker-Feldman. Mr. Waller also asserts the related claim that Ms. Waller committed perjury in state court. While he did not explicitly claim Ms. Waller committed perjury before the Kansas state court, he did allege that she lied under oath. Id. 32. The state district court rejected the assertion that Ms. Waller lied in her petition for abuse or testimony, meaning Mr. Waller asks this court to reject the state court's judgment. Id. 37. This we cannot do. Moreover, perjury is a crime, not a claim in a civil cause of action.

Finally, an allegation of assault, to the extent one is alleged, falls under the "subject of the domestic relations of husband and wife" to which this court lacks jurisdiction. Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). Even if not barred under Rooker-Feldman, Mr. Waller's claims are complaints about his state court outcomes in his underlying divorce proceedings and his state court suit alleging defamation and libel in those proceedings. Attempting to describe the claims as a violation of due process does not save them.

Lastly, Ms. Waller moves this court for damages and attorney's fees, on the basis that Mr. Waller filed a frivolous appeal and has caused Ms. Waller mental anguish. Aplee. Motion for Damages and Atty. Fees at 1. She seeks attorney's fees of $3,250 and asks the court to double the award due to Mr. Waller's harassment through the legal system. Id. She also seeks $5,000 in additional damages. Id.

Even without subject matter jurisdiction, federal courts retain jurisdiction to determine attorney's fees for frivolous claims. See D.A. Osguthorpe Family P'ship v. ASC Utah, Inc., 705 F.3d 1223, 1236 (10th Cir. 2013). This court has authority to award "just damages" and single or double costs, including attorney's fees, under Federal Rule of Appellate Procedure 38 when a frivolous appeal is filed and a motion has been made in this court with a reasonable opportunity to respond, or under 28 U.S.C. § 1912. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir. 1987); Wheeler v. C.I.R., 528 F.3d 773, 782 (10th Cir. 2008). Ms. Waller moved for damages and attorney's fees and Mr. Waller had a reasonable time to respond, though he did not.

"An appeal may be frivolous if it consists of irrelevant and illogical arguments based on factual misrepresentations and false premises, or when the result is obvious, or the appellant's arguments of error are wholly without merit." Id. (quoting Lewis v. C.I.R., 523 F.3d 1272, 1277–78 (10th Cir. 2008)). Mr. Waller has previously sought relief on these same grounds in federal court, which were dismissed for lack of subject matter jurisdiction.[2] Rather than engage with the rationale of why the court lacks subject matter jurisdiction, Mr. Waller has persisted in filing the same claims with the same obvious result. Because we deem this appeal frivolous, we grant Ms. Waller's motion in part for attorney's fees; with respect to the request for double attorney's fees and damages, the motion is denied. We REMAND for the district court to determine an award of reasonable appellate attorney's fees. See Wheeler, 528 F.3d at 784. The district court shall modify its judgment accordingly.

**\*3** AFFIRMED.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 5273769

---

**Footnotes**

\*    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

\*\*   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1    Mr. Waller previously filed a federal complaint in a separate case alleging Ms. Waller made false and defamatory statements. That case was dismissed without prejudice for lack of subject matter jurisdiction. See

**Waller v. Waller, Not Reported in Fed. Rptr. (2023)**

Case: 22-1037   Document: 83   Filed: 08/23/2023   Pages: 6

Waller v. Waller, No. 22-cv-2122, 2022 WL 1442851, at *1 (D. Kan. May 6, 2022); Waller v. Waller, No. 22-cv-2122, (D. Kan. June 13, 2022), ECF 10. He filed that case while his divorce proceedings were ongoing. He then filed a state court complaint on July 21, 2022, alleging the same. Id. 27–34. The state district court entered an order on February 3, 2023, finding in favor of Ms. Waller and dismissing the case with prejudice. Id. 35–38. Mr. Waller has now returned to federal court.

| | |
|---|---|
| 2 | "[Mr. Waller] alleg[es] she made false, defamatory, and libelous statements before and during their divorce proceedings. [Mr. Waller] asserts this Court has subject matter jurisdiction based on constitutional grounds and because perjury is a federal crime." Waller, 2022 WL 1442851, at *1; Waller, No. 22-cv-2122, ECF 10. |

---

**End of Document**   © 2023 Thomson Reuters. No claim to original U.S. Government Works.