**HUSCH BLACKWELL**

Joseph S. Diedrich
Senior Associate

33 East Main Street, Suite 300
Madison, WI 53703
Direct: 608.258.7380
Fax: 608.258.7138
Joseph.Diedrich@huschblackwell.com

August 25, 2023

**VIA CM/ECF**

Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St.
Room 2722
Chicago, IL 60604

    Re:    *Gilbank v. Wood Cnty. Dep't of Human Servs. et al.*, No. 22-1037
            Fed. R. App. P. 28(j) Citation of Supplemental Authority

To the Office of the Clerk of the Seventh Circuit Court of Appeals:

    Appellees submitted *Waller v. Waller*, No. 23-3077, 2023 WL 5273769 (10th Cir. Aug. 16, 2023)—an unpublished order rejecting the arguments of a pro se appellant. Appellees claim *Waller* supports their position. But Appellees mischaracterize Gilbank's arguments, and *Waller* is unpersuasive in any event.

    First, according to Appellees, Gilbank argues that if a federal plaintiff seeks monetary damages, then *Rooker-Feldman* categorically doesn't apply. This is a straw man. Gilbank rather argues that, in determining whether a federal plaintiff seeks "review and rejection" of a state-court judgment, courts must compare the requested relief to the relief granted (or denied) by the state court. Reply Br. 6–7.

    The *Waller* court did not perform that analysis—or otherwise say anything about whether requesting monetary damages precludes *Rooker-Feldman*'s application. The court merely noted that, in a prior state-court case, Waller brought claims for defamation, libel, and slander. *Waller*, 2023 WL 5273769, at *2. In other words, Waller previously sought monetary damages in state court. *Id.* Waller later made the same demand in federal court. *Id.* He sought to invoke federal *appellate jurisdiction* over his rejected state-court claims. Here, by contrast, Gilbank makes a demand that

she did not (and could not) make in state court, so she cannot be seeking review or rejection of the state-court orders. Reply Br. 6–7, 13–15.

Second, *Waller* is a paradigmatic example of a court conflating *Rooker-Feldman* with preclusion. Rather than asking whether Waller sought to invoke federal *appellate jurisdiction*, the court framed its analysis in terms of comity and respect for the state court's conclusions. *Waller*, 2023 WL 5273769, at *2. The court held that, because the state court had already rejected Waller's allegations, he was inviting review and rejection of a state-court judgment. *Id.* But *Rooker-Feldman* does not apply merely because a federal plaintiff asks the federal court to "den[y] a legal conclusion a state court has reached." *Exxon*, 544 U.S. 280, 293 (2005) (quoting *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)); Reply Br. 10–11.

Respectfully submitted,

HUSCH BLACKWELL LLP

/s/ Joseph S. Diedrich

Joseph S. Diedrich
Senior Associate

cc: Counsel of record (via ECF)

Office of the Clerk
August 25, 2023
Page 3

# CERTIFICATE OF COMPLIANCE

I certify that the body of this letter does not exceed 350 words.

Dated: August 25, 2023

　　　　　　　　　　　　　　　　　/s/ Joseph S. Diedrich
　　　　　　　　　　　　　　　　　Joseph S. Diedrich