# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 12, 2023

*By the Court*:

No. 22-1037

| | |
|---|---|
| MICHELLE R. GILBANK,  *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:20-cv-00601-jdp |
| WOOD COUNTY DEPARTMENT OF HUMAN SERVICES, et al.,  *Defendants-Appellees*. | James D. Peterson,  *Chief Judge*. |

## ORDER FOR REHEARING EN BANC

The court has voted to hear this case en banc in advance of a panel decision, as authorized by Circuit Rule 40(e). In a separate order, the court will announce the date for oral argument en banc. Because of the time since original briefs were filed, each side may file a supplemental brief no later than October 3, 2023, subject to the length and format requirements of a petition for rehearing under Federal Rule of Appellate Procedure 40 and Seventh Circuit Rule 40. No replies will be permitted.

The en banc argument is likely to focus on application of the *Rooker-Feldman* doctrine to this case. Members of the court have indicated it may be helpful if supplemental briefs address the following questions:

Under *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), what difference, if any, is there between "complaining of injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments"?

Whether the custody judgment in this case is moot, and if so, whether that has an impact on the *Rooker-Feldman* analysis?

  Whether other circuits have answered either of the above questions after *Exxon Mobil*?

  Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state court, whether application of the *Rooker-Feldman* doctrine should depend on whether she confines her prayer for relief in federal court to a damages award?

  Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state court, whether application of the *Rooker-Feldman* doctrine should depend on the reasons the state-court judgment was allegedly erroneous?