**No. 22-1037**

## In the United States Court of Appeals for the Seventh Circuit

MICHELLE R. GILBANK,

*Plaintiff-Appellant,*

*v.*

WOOD COUNTY DEPARTMENT OF
HUMAN SERVICES, ET AL.,

*Defendants-Appellees.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
THE HONORABLE JAMES D. PETERSON, PRESIDING

### JOINT SUPPLEMENTAL BRIEF OF DEFENDANTS-APPELLEES MARSHFIELD POLICE DEPARTMENT, DEREK IVERSON, WOOD COUNTY DEPARTMENT OF HUMAN SERVICES, THERESA HEINZEN-JANZ, MARY CHRISTENSEN, ANNE LA CHAPELLE, AND MARY SOLHEIM

Amundsen Davis, LLC
Jason R. Just, SBN 1104647
Tiffany E. Woelfel, SBN 1093779
318 S. Washington St., Suite 300
Green Bay, WI 54301
(920) 435-9378

Attorneys for Marshfield Police
Department and Derek Iverson

Axley Brynelson, LLP
Lori M. Lubinsky, SBN 1027575
Aneet Kaur, SBN 1088063
Cecelia A. Heberling, SBN 1118904
2 E. Mifflin Street, Suite 200
Madison, WI 53703
(608) 257-5661

Attorneys for Wood County Department
of Human Services, Theresa Heinzen-
Janz, Mary Christensen, Anne La
Chapelle, and Mary Solheim

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.:          22-1037

Short Caption:          *Gilbank v. Wood County Department of Health Services, et al.*

(1) The full name of every party that the attorney represents in the case: **Marshfield Police Department & Derek Iverson**

(2) The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: **Amundsen Davis, LLC (at the Appellate Court); Davis & Kuelthau, s.c. (at the District and Appellate Courts); Corneille Law Group, LLC (at the District Court only).[1]**

(3) If the party or amicus is a corporation: **Not Applicable**

    i) Identify all its parent corporations, if any; and: **Not Applicable**

    ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: **Not Applicable**

Attorney's Signature:          s/ Jason R. Just
Attorney's Name:          Jason R. Just
Date:          October 3, 2023

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).

Yes **X** No ___

318 S. Washington St., Suite 300          920.431.2226 – Phone
Green Bay, WI 54301          920.431.2266 – Fax
920.435.9378          jjust@amundsendavislaw.com

---

[1] Attorney Just has represented Detective Iverson and the Marshfield Police Department throughout the dispute. Attorney Just moved to Davis & Kuelthau s.c. while the matter was before the District Court. On November 1, 2022, Davis & Kuelthau merged with SmithAmundsen to form Amundsen Davis, LLC. In an abundance of caution, Attorney Just has identified all of the relevant firms.

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.:        22-1037

Short Caption:        *Gilbank v. Wood County Department of Health Services, et al.*

(1) The full name of every party that the attorney represents in the case: **Marshfield Police Department & Derek Iverson**

(2) The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: **Amundsen Davis, LLC (at the Appellate Court); Davis & Kuelthau, s.c. (at the District and Appellate Courts); Corneille Law Group, LLC (at the District Court only).[2]**

(3) If the party or amicus is a corporation: **Not Applicable**

 i) Identify all its parent corporations, if any; and: **Not Applicable**

 ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: **Not Applicable**

Attorney's Signature:        s/ Tiffany E. Woelfel
Attorney's Name:        Tiffany E. Woelfel
Date:        October 3, 2023

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).

Yes __ No **X**

318 S. Washington St., Suite 300        920.431.2232 – Phone
Green Bay, WI 54301        920.431.2272 – Fax
920.435.9378        twoelfel@amundsendavislaw.com

---

[2] Attorney Just has represented Detective Iverson and the Marshfield Police Department throughout the entirety of the dispute. Attorney Just moved to Davis & Kuelthau s.c. while the matter was before the District Court. On November 1, 2022, Davis & Kuelthau merged with SmithAmundsen to form Amundsen Davis, LLC. In an abundance of caution, Attorney Woelfel has identified all of the relevant firms.

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.:     22-1037

Short Caption:     *Gilbank v. Wood County Department of Health Services, et al.*

(1) The full name of every party that the attorney represents in the case: **Wood County Department of Human Service, Theresa Heinzen-Janz, Mary Christensen, Anne La Chapelle, and Mary Solheim.**

(2) The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: **Axley Brynelson, LLP.**

(3) If the party or amicus is a corporation: **Not Applicable**

     i) Identify all its parent corporations, if any; and: **Not Applicable**

     ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: **Not Applicable**

Attorney's Signature:     s/ Lori M. Lubinsky
Attorney's Name:     Lori M. Lubinsky
Date:     October 3, 2023

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).

Yes _X_ No ___

2 East Mifflin Street     608.283.6752 – Phone
Madison, WI 53703     llubinsky@axley.com
608.257.5661

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.:        22-1037

Short Caption:        *Gilbank v. Wood County Department of Health Services, et al.*

(1) The full name of every party that the attorney represents in the case: **Wood County Department of Human Service, Theresa Heinzen-Janz, Mary Christensen, Anne La Chapelle, and Mary Solheim.**

(2) The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: **Axley Brynelson, LLP.**

(3) If the party or amicus is a corporation: **Not Applicable**

    i) Identify all its parent corporations, if any; and: **Not Applicable**

    ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: **Not Applicable**

Attorney's Signature:        s/ Aneet Kaur
Attorney's Name:        Aneet Kaur
Date:        October 3, 2023

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).

Yes __ No _X_

2 East Mifflin Street        608.283.6786 – Phone
Madison, WI 53703        akaur@axley.com
608.257.5661

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No.:     22-1037

Short Caption:     *Gilbank v. Wood County Department of Health Services, et al.*

(1) The full name of every party that the attorney represents in the case: **Wood County Department of Human Service, Theresa Heinzen-Janz, Mary Christensen, Anne La Chapelle, and Mary Solheim.**

(2) The names of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court: **Axley Brynelson, LLP.**

(3) If the party or amicus is a corporation: **Not Applicable**

    i) Identify all its parent corporations, if any; and: **Not Applicable**

    ii) List any publicly held company that owns 10% or more of the party's or amicus' stock: **Not Applicable**

Attorney's Signature:        s/ Cecelia A. Heberling
Attorney's Name:          Cecelia A. Heberling
Date:                  October 3, 2023

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).

Yes __ No _X_

2 East Mifflin Street              608.283.6747 – Phone
Madison, WI 53703             cheberling@axley.com
608.257.5661

# TABLE OF CONTENTS

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ..................... ii

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT .....................iv

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ..................... v

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT .....................vi

TABLE OF CONTENTS ................................................................ vii

I.   QUESTIONS POSED BY THE COURT ...................................1

    1.   Under *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), what difference, if any, is there between "complaining of injuries caused by state-court judgments" and "inviting district review and rejection of those judgments"? ...................................1

    2.   Whether the custody judgment in this case is moot, and if so, whether that has an impact on the *Rooker-Feldman* analysis? ................................................1

    3.   Whether other circuits have answered either of the above questions after *Exxon Mobil*? ................................1

    4.   Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state court, whether application of the *Rooker-Feldman* doctrine should depend on whether she confines her prayer for relief in federal court to a damages award? ................................................................1

    5.   Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state

court, whether application of the *Rooker-Feldman* doctrine should depend on the reasons the state-court judgment was allegedly erroneous? .........................2

II.  RESPONSE TO THE COURT'S QUESTIONS .........................2

A.  The Purpose of the *Rooker-Feldman* Doctrine Is to Effectuate the Jurisdictional Limitations Over Appeals of State-Court Judgments. .......................................................2

B.  *Exxon Mobil's* Inquiries into Whether the Plaintiff Is "Complaining of an Injury Caused by the State-Court Judgment" and Whether the Plaintiff Seeks "Review and Rejection of that Judgment" Helps Lower Federal Courts Determine When a Plaintiff Is Improperly Seeking Appellate Review.......................................................6

C.  The Federal Court's Core Inquiry Is the Source of the Injury Plaintiff Complains of. ............................................8

D.  A Federal Plaintiff Cannot Circumvent the Review and Rejection of State-Court Judgment Inquiry by Cloaking Her Relief as Merely Damages. ...........................................11

E.  The District Court Properly Undertook the *Rooker-Feldman* Analysis and Should Be Affirmed. ........................16

III.  CONCLUSION.........................................................................18

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS.......................................................20

CERTIFICATE OF SERVICE.......................................................21

# TABLE OF AUTHORITIES

## Cases

*Alexander v. City of Milwaukee*, 474 F.3d 437 (7th
  Cir. 2007)...................................................................................11

*Alexander v. Washington*, 170 F. App'x 429 (7th
  Cir. 2006)...................................................................................12

*Andrade v. City of Hammond,* 9 F.4th 947 (7th
  Cir. 2021)...............................................................................9, 10

*Banister v. U.S. Bank Nat'l Ass'n as Tr.*, 859 F.
  App'x 742 (7th Cir. 2021)........................................................12

*Bauer v. Koester*, 951 F.3d 863 (7th Cir. 2020).......................12

*Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853
  (9th Cir. 2017)...........................................................................11

*Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021)........................ passim

*Brown v. Bowman*, 668 F.3d 437 (7th Cir. 2012) ........................6

*Brown v. Taylor*, 677 F. App'x 924 (5th Cir. 2017)....................8

*Bruce v. City & Cnty. of Denver*, 57 F.4th 738
  (10th Cir. 2023) .........................................................................7

*Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d
  380 (5th Cir. 2017) ...................................................................7

*Burrell v. Staff*, 60 F.4th 25 (3d Cir. 2023)...............................9

*Charles v. Levitt*, F. App'x 18 (2d Cir. 2017)............................7

*Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*,
  532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674
  (2001)........................................................................................14

*Copeland v. C.A.A.I.R.*, No. 21-5024, 2023 WL
  3166345 (10th Cir. May 1, 2023) ..........................................9

*D.C. Healthcare Sys., Inc. v. District of Columbia*,
  925 F.3d 481 (D.C. Cir. 2019) ................................................7

*Dahl v. Fla. Dep't of Highway Safety & Motor
  Vehicles*, No. 21-14499, 2022 WL 17076734
  (11th Cir. Nov. 18, 2022)........................................................10

*District of Columbia Court of Appeals v. Feldman*,
  460 U.S. 462 (1983).......................................................3, 5, 10

*Dorce v. City of New York*, 2 F.4th 82 (2d Cir.
  2021).........................................................................10, 13, 14

*Easley v. New Century Mortg. Corp.*, 394 F. App'x
  946 (3d Cir. 2010) ................................................................. 13

*Efreom v. McKee*, 46 F.4th 9 (1st Cir. 2022) ........................... 7

*Elenaey v. Fid. Mgmt. Tr. Co.,* 829 F. App'x 482
  (11th Cir. 2020) .................................................................... 13

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005) ........................................................ passim

*Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th
  500 (10th Cir. 2023) ............................................................. 10

*Great W. Mining & Min. Co. v. Fox Rothschild
  LLP*, 615 F.3d 159 (3d Cir. 2010) ........................................ 7

*Hadzi-Tanovic v. Johnson*, 62 F.4th 394 (7th Cir.
  2023) ....................................................................................... 8

*Hageman v. Barton*, 817 F.3d 611 (8th Cir. 2016) .................. 7

*Harold v. Steel*, 773 F.3d 884 (7th Cir. 2014) ....................... 13

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d
  77 (2d Cir. 2005) ................................................................ 7, 9

*Hohenberg v. Shelby Cnty.,* 68 F.4th 336 (6th Cir.
  2023) ....................................................................................... 7

*Jakupovic v. Curran*, 850 F.3d 898 (7th Cir. 2017) ............. 4, 5

*Kasbekar v. Ivy Station Cmty. Ass'n,* No. 20-
  10620, 2022 WL 17247551 (11th Cir. Nov. 28,
  2022) ..................................................................................... 15

*Keith v. Wis. Dep't of Workforce Dev.*, No. 21-2398,
  2022 WL 741731 (7th Cir. Mar. 11, 2022) ......................... 12

*King v. City of Crestwood,* 899 F.3d 643 (8th Cir.
  2018) ....................................................................................... 3

*Lance v. Dennis*, 546 U.S. 459 (2006) ................................. 7, 8

*Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th
  Cir. 1999) ............................................................................... 5

*Loriz v. Connaughton*, 233 F. App'x 469 (6th Cir.
  2007 ...................................................................................... 13

*Lundstrom v. Young*, 857 F. App'x 952 (9th Cir.
  2022) ....................................................................................... 7

*MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F.
  App'x 812 (10th Cir. 2020) .................................................. 12

*Market v. City of Garden City,* 723 F. App'x 571
  (10th Cir. 2017) ............................................... 6, 13, 14, 18

*McCoy v. Uale*, No. 21-16877, 2022 WL 10382922
(9th Cir. Oct. 18, 2022) ........................................................ 13

*Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S.
299 (1986) .............................................................................. 11

*Merritts v. Richards*, 62 F.4th 764 (3d Cir. 2023) ..................... 7

*Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050
(7th Cir. 2018 ........................................................................ 12

*Provitola v. Comer*, No. 21-10878, 2022 WL
823582 (11th Cir. Mar. 18, 2022) ...................................... 15

*Reed v. Goertz*, 598 U.S. 230 (2023) .......................................... 10

*RLR Invs., LLC v. City of Pigeon Forge,* 4 F.4th
380 (6th Cir. 2021) ................................................................. 2

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ..................... 3

*Schneider v. Cnty. Of San Diego*, 285 F.3d 784
(9th Cir. 2002) ...................................................................... 11

*Shophar v. United States*, 838 F. App'x 328 (10th
Cir. 2020) .............................................................................. 13

*Skinner v. Switzer*, 562 U.S. 521 (2011) ............................. 7, 10

*Swartz v. Heartland Equine Rescue*, 940 F.3d 387
(7th Cir. 2019) .................................................................... 4, 5

*Thana v. Bd. of License Comm'rs*, 827 F.3d 314
(4th Cir. 2016) ........................................................................ 7

*Thomas v. Martin-Gibbons*, No. 20-3124, 2021
WL 2065892 (2d Cir. May 24, 2021) .................................. 13

*VanderKodde v. Mary Jane M. Elliott, P.C.*, 951
F.3d 397 (6th Cir. 2020) ........................................................ 9

## Statutes

28 U.S.C. § 1257 ...................................................... 2, 3, 4, 8
42 U.S.C. § 1983 ............................................................... 6

## Other Authorities

Black's Law Dictionary (11th ed. 2019) ........................... 11, 17
Restatement (Second) of Torts § 903 (Am. L. Inst.
1979) ..................................................................................... 11

# I.  QUESTIONS POSED BY THE COURT

1.  Under *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), what difference, if any, is there between "complaining of injuries caused by state-court judgments" and "inviting district review and rejection of those judgments"?

    Under *Exxon Mobil* "complaining of injuries caused by state-court judgments" and "inviting district review and rejection of those judgments" are separate, yet closely related, inquiries. The core inquiry of the analysis after *Exxon Mobil* is whether the source of the injury is the state-court judgment itself.

2.  Whether the custody judgment in this case is moot, and if so, whether that has an impact on the *Rooker-Feldman* analysis?

    No, the state-court custodial judgments are not moot and the *Rooker-Feldman* analysis is not impacted because Gilbank alleges past and ongoing injuries from those judgments and seeks compensatory damages for those injuries.

3.  Whether other circuits have answered either of the above questions after *Exxon Mobil*?

    Other circuits examine "complaining of injuries caused by state-court judgments" and "inviting district review and rejection of those judgments" as separate inquiries. Regarding mootness, other circuits have explained that *Rooker-Feldman* would bar claims that seek damages rather than injunctive relief, if the source of the injury is the state-court judgment itself.

4.  Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state court, whether application of the *Rooker-Feldman* doctrine should depend on whether she confines her prayer for relief in federal court to a damages award?

    No, a plaintiff cannot circumvent the *Rooker-Feldman* doctrine by confining her prayer for relief to a damages award if the damages

1

the plaintiff seeks are for an injury caused by a state-court judgment.

5.    Where a federal plaintiff claims she was injured by injunctive relief erroneously issued by a state court, whether application of the *Rooker-Feldman* doctrine should depend on the reasons the state-court judgment was allegedly erroneous?

Yes, the Court must examine why a federal plaintiff alleges a state-court judgment was erroneous to determine the true source of her injuries and ascertain whether the *Rooker-Feldman* doctrine is applicable.

## II.    RESPONSE TO THE COURT'S QUESTIONS

## A.    The Purpose of the *Rooker-Feldman* Doctrine Is to Effectuate the Jurisdictional Limitations Over Appeals of State-Court Judgments.

Congress has vested only the United States Supreme Court with the authority to review final judgments rendered by state courts. 28 U.S.C. § 1257(a). Federal Courts' jurisdiction is defined by the limitations prescribed by Congress. *RLR Invs., LLC v. City of Pigeon Forge,* 4 F.4th 380, 385 (6th Cir. 2021) (citations omitted). Because § 1257 explicitly provides that the Supreme Court has jurisdiction for appellate review from state courts, and does not extend this authority to lower federal courts, this creates a negative inference that lower federal courts lack such authority. *Id.* "That negative inference is called the *Rooker-Feldman* doctrine." *Id.*

In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the United States Supreme Court identified situations "in which [the United States Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate . . . ." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). These seminal cases form the "*Rooker-Feldman*" doctrine, which "precludes district courts from obtaining jurisdiction both over the rare case styled as a direct appeal, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923), as well as more common claims which are 'inextricably intertwined' with state-court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)." *King v. City of Crestwood,* 899 F.3d 643, 647 (8th Cir. 2018).

The Supreme Court substantively addressed the *Rooker-Feldman* doctrine in *Exxon Mobil*. The *Exxon Mobil* Court did not establish a specific test for applying the doctrine. Rather, the Court confined the

doctrine to those akin to the seminal cases and then identified the types of cases the doctrine does not apply to:

> The *Rooker-Feldman* doctrine is confined to cases of the kind from which it acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgment rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.

*Id.* at 281; *see also id.* at 284, 291–94. *Exxon Mobil* reminds lower federal courts to ascertain whether the plaintiff is bringing her claims to seek appellate review of a state-court decision, which she cannot do under § 1257.

The Seventh Circuit's *Rooker-Feldman* test accords with *Exxon Mobil*.[3] First, the court determines whether the plaintiff's claims are "independent." *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (citing *Jakupovic v. Curran,* 850 F.3d 898, 902 (7th Cir. 2017) (citation and quotations omitted)). To make this determination, the court analyzes "whether the federal claims either 'directly' challenge a state court judgment or are 'inextricably intertwined' with one." *Swartz,* 940 F.3d at 391. The first element addresses *Exxon Mobil's*

---

[3] Defendants incorporate by reference their prior arguments regarding how the Seventh Circuit's current test comports with *Exxon Mobil.* Wood DHS Defendants Br., Dkt. No. 54 at 9–19; Marshfield Defendants Br., Dkt. No. 55 at 14–22.

analysis regarding the source of the injury being the state-court judgment, and seeking relief that would require the district court to review and reject the state-court decision. *Swartz*, 940 F.3d at 390–91; *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017).

If the first element is met, the court then determines whether the plaintiff had a reasonable opportunity to litigate the issue before the state court. *Swartz*, 940 F.3d at 392–93. The second element again directs the court to determine whether the plaintiff seeks appellate relief and review. If a plaintiff did not have the opportunity to raise an issue before the state court, then it is impossible for her to be seeking appellate review of that issue in the federal district court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). However, if the plaintiff had the opportunity to raise the issue in state court and failed to do so, she may have forfeited her right to review the state-court decision. *Id.* (quoting *Feldman*, 460 U.S. at 482 n.16). Both elements prevent the lower federal courts from improperly exercising appellate jurisdiction over a state-court judgment, which is what *Exxon Mobil* requires. *Jakupovic*, 850 F.3d at 902.

B.   ***Exxon Mobil's*** **Inquiries into Whether the Plaintiff Is "Complaining of an Injury Caused by the State-Court Judgment" and Whether the Plaintiff Seeks "Review and Rejection of that Judgment" Guides Lower Federal Courts In Determining When a Plaintiff Is Improperly Seeking Appellate Review.[4]**

*Exxon Mobil* guides lower courts in determining whether the *Rooker-Feldman* doctrine applies when the claim does not explicitly seek to overturn a judgment but rather masks an appeal as a 42 U.S.C. § 1983 claim. *Brown v. Bowman*, 668 F.3d 437, 442–43 (7th Cir. 2012); *see also Behr v. Campbell*, 8 F.4th 1206,1212 (11th Cir. 2021); *Market v. City of Garden City,* 723 F. App'x 571, 575 (10th Cir. 2017) (unpublished). Under *Exxon Mobil*, lower courts must ascertain whether the state-court losing party "complain[ed] of an injury caused by that state-court judgment and [sought] review and rejection of that judgment." 544 U.S. at 291. While these are separate inquiries, they often overlap in their analysis, and both provide guidance to the lower court in determining whether a plaintiff is effectively seeking appellate relief of a state-court judgment. *See, e.g.*, *Great W. Mining & Min. Co. v. Fox Rothschild LLP*,

---

[4] The Section addresses the first and third questions posed by the Court's September 12, 2023 Order.

615 F.3d 159, 168 (3d Cir. 2010).[5] Despite these being distinct inquiries, they both encompass a substantive analysis of the claims and are "closely related." *Id.* at 168; *see also Charles v. Levitt*, F. App'x 18, 21 (2d Cir. 2017) (unpublished); *Merritts*, 62 F.4th at 774.

The "complaining of an injury caused by the state-court judgment" inquiry examines the *source* of the alleged injury, because, for example, injuries caused by third parties are not barred under *Rooker-Feldman*. *See Exxon Mobil,* 544 U.S. at 293; *see also Skinner v. Switzer*, 562 U.S. 521, 532 (2011); *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

The "review and reject" inquiry examines whether the plaintiff is in effect seeking appellate review of the state-court judgment. *Exxon Mobil*, 544 U.S. at 292. The *Rooker-Feldman* doctrine bars not only direct attempts to "overturn" or declare "null and void" a state-court

---

[5] Four Circuits have converted the statement in *Exxon Mobil* into a four-factor test. *See, e.g.*, *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005); *Merritts v. Richards*, 62 F.4th 764, 744 (3d Cir. 2023); *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017); *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023). Two Circuits focus on the "review and reject" analysis. *Hohenberg v. Shelby Cnty.,* 68 F.4th 336, 340 (6th Cir. 2023); *Lundstrom v. Young*, 857 F. App'x 952, 955 (9th Cir. 2022) (unpublished). The remaining Circuits have not adopted a specific test and instead analyze whether the claims are the type that would be barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Efreom v. McKee*, 46 F.4th 9, 17 (1st Cir. 2022); *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 319–20 (4th Cir. 2016); *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016); *Behr,* 8 F.4th at 1210–11; *D.C. Healthcare Sys., Inc. v. District of Columbia*, 925 F.3d 481, 486–87 (D.C. Cir. 2019).

judgment, but also relief that would be "tantamount" to an appeal of the state-court decision or "essentially" inviting review and rejection of a state-court judgment. *See Exxon,* 544 U.S. at 283–84; *Lance*, 546 U.S. at 463. This aligns with the congressional purpose under § 1257 because, again, only the Supreme Court is authorized to review, reverse, or modify final judgments rendered by state courts. *Id.* at 284. Therefore, this inquiry reminds the federal court to examine the requested relief to determine if a plaintiff is attempting to artfully draft around the *Rooker-Feldman* doctrine, while still effectively seeking appellate review. *See, e.g.*, *Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017).

## C.   The Federal Court's Core Inquiry Is the <u>Source</u> of the Injury Plaintiff Complains of.[6]

In order to determine if a plaintiff complains of an injury caused by a state-court judgment, the court reviews the <u>source</u> of the injury— including the reason a judgment is allegedly erroneous. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023). As the Second Circuit has explained:

> The key to resolving this uncertainty lies in the second substantive *Rooker–Feldman* requirement: that federal

---

[6] The Section addresses the fifth question posed by the Court's September 12, 2023 Order.

> plaintiffs are not subject to the *Rooker–Feldman* bar unless they complain of an injury caused by a state judgment. <u>Indeed, this is the core requirement from which the others derive; focusing on it helps clarify when the doctrine applies.</u>

*Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005) (emphasis added); *see also Copeland v. C.A.A.I.R.*, No. 21-5024, 2023 WL 3166345, at *9 (10th Cir. May 1, 2023) (unpublished).

While *Exxon Mobil* does not define "complain of injury from a state-court judgment", it provides guidance by delineating what is not barred under that inquiry. *Hoblock*, 422 F.3d at 86. Claims that arise from an independent source do not "complain of an injury caused by a state-court judgment." *Id.* (citing *Exxon Mobil*, 544 U.S. at 282). Claims that arise from a third-party's conduct, which occurred either before or after the injury, do not "complain of an injury caused by a state-court judgment." *See, e.g.*, *Andrade v. City of Hammond,* 9 F.4th 947, 950–51 (7th Cir. 2021); *Behr*, 8 F.4th at 1214; *Copeland*, 2023 WL 3166345, at *7; *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 403–04 (6th Cir. 2020); *Burrell v. Staff*, 60 F.4th 25, 33 (3d Cir. 2023). Likewise, a judgment that "ratifies, acquiesces, or leave[s] unpunished" an injury caused by a third-party is not an injury "caused by a state-court judgment." *Hoblock*, 422 F.3d at 88; *Dorce v. City of New York*, 2 F.4th

82, 107 (2d Cir. 2021); *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 517–18 (10th Cir. 2023); *Dahl v. Fla. Dep't of Highway Safety & Motor Vehicles*, No. 21-14499, 2022 WL 17076734, at *3 (11th Cir. Nov. 18, 2022) (per curiam) (unpublished).

Conversely, if the source of the injury is the state-court judgment itself, then the plaintiff is seeking appellate review of the state-court judgment. *Andrade*, 9 F.4th at 950. Moreover, if the injury cannot be separated from the state-court judgement, then the plaintiff is also seeking appellate review of the state-court judgment. *Id.* (citations and quotations omitted).

If a plaintiff alleges that the state court erroneously applied the law to her situation, then the plaintiff is seeking appellate review of the state-court judgment because the source of her injury is the judgment. *See Feldman*, 460 U.S. at 486–87; *Skinner*, 562 U.S. at 532; *Reed v. Goertz*, 598 U.S. 230, 247–48 (2023) (Thomas, J., concurring). Conversely, if a plaintiff alleges that a state-court judgment is erroneous because of the actions of a third party, then the plaintiff is not seeking appellate review of the state-court judgment, because the source of her injury is the conduct of the third-party. *See Behr*, 8 F.4th

at 1214. Consequently, the court must examine the reason the state-court judgment is allegedly erroneous to determine whether the *Rooker-Feldman* doctrine bars a claim.

**D.    A Federal Plaintiff Cannot Circumvent the "Review and Rejection of State-Court Judgment" Inquiry by Cloaking Her Relief as Damages. [7]**

Compensatory damages represent a monetary remedy intended to "*indemnify the injured person for the loss suffered.*" *Black's Law Dictionary* (11th ed. 2019) (emphasis added); *see also Alexander v. City of Milwaukee*, 474 F.3d 437, 451 (7th Cir. 2007). They are awarded "to return the plaintiff to the position he or she would have occupied had the harm not occurred." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871–72 (9th Cir. 2017) (citing *Schneider v. Cnty. Of San Diego*, 285 F.3d 784, 795 (9th Cir. 2002); *see also* Restatement (Second) of Torts § 903 (Am. L. Inst. 1979). "To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation..., personal humiliation, and mental anguish and suffering." *Bayer*, 861 F.3d at 871–72 (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 310 (1986)).

---

[7] The Section addresses the second, third, and fourth questions posed by the Court's September 12, 2023 Order.

This Court has long held that a federal plaintiff cannot circumvent the *Rooker-Feldman* doctrine by disguising their claim for relief as monetary damages. *See Banister v. U.S. Bank Nat'l Ass'n as Tr.*, 859 F. App'x 742, 744 (7th Cir. 2021) ("[a]lthough Banister also seeks damages, a federal court could not award them without invalidating the foreclosure judgment....") (unpublished); *Keith v. Wis. Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) (unpublished), *cert. denied,* 143 S. Ct. 184, 214 L. Ed. 2d 67 (2022) ("a court could not award the damages Keith seeks without invalidating the state-court judgments—something only a Wisconsin appellate court or the Supreme Court of the United States could do."); *Alexander v. Washington*, 170 F. App'x 429, 430 (7th Cir. 2006); *Bauer v. Koester*, 951 F.3d 863, 867 (7th Cir. 2020); *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1062 (7th Cir. 2018).

Numerous other courts have also held that application of the doctrine cannot hinge on whether a federal plaintiff frames their request for relief as damages. *See, e.g., MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812, 818–19 (10th Cir. 2020) (explaining a damages request invoked *Rooker-Feldman* if it sought to put plaintiff

back in the place she would have been prior to the judgment); *Dorce*, 2 F.4th at 108 n.29;  *Thomas v. Martin-Gibbons*, No. 20-3124, 2021 WL 2065892 (2d Cir. May 24, 2021) (unpublished); *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 948 (3d Cir. 2010); *Loriz v. Connaughton*, 233 F. App'x 469, 475 (6th Cir. 2007); *Harold v. Steel*, 773 F.3d 884, 887 (7th Cir. 2014); *McCoy v. Uale*, No. 21-16877, 2022 WL 10382922, at *1 (9th Cir. Oct. 18, 2022) (unpublished); *Market*, 723 F. App'x at 574; *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007); *Shophar v. United States*, 838 F. App'x 328, 331 (10th Cir. 2020); *Elenaey v. Fid. Mgmt. Tr. Co.,* 829 F. App'x 482, 483 (11th Cir. 2020) (unpublished).

In *Market*, the plaintiff sued under § 1983 claim alleging that her constitutional rights were violated by the jail time she was required to serve for her DUI sentences. Because she was challenging her sentence length—not her underlying conviction—and seeking damages, she argued she was not "asking the court to *overturn* the conviction, [and] no *Rooker-Feldman* problem arises." *Market*, 723 F. App'x at 574 (emphasis in original). The court rejected both assertions. The court held that the injury, the alleged illegal incarceration, stemmed from the

judgment and the plaintiff was thus complaining of injuries arising from the judgment. The court also rejected the plaintiff's argument that seeking damages avoided the doctrine:

> [Market] admits that "the relief sought [ ] is *compensatory damages* for the unlawful enforcement of a valid conviction." *Id.* (emphasis added). <u>Market seeks to undo, to the extent possible, her state-court punishment. Though time served can't be returned, compensatory damages attempt to put plaintiffs in the position they would be in without the faulty imprisonment</u>. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001) (Compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct."). <u>That isn't allowed</u>.

*Market*, 723 F. App'x at 574 (italics in original, underline added).

The key to determining when a request for relief in the form of damages invokes the *Rooker-Feldman* doctrine is *the source of injury* for the damages being claimed. While the *Rooker-Feldman* doctrine does not bar plaintiffs from "seek[ing] damages for injuries caused by a defendant's misconduct in procuring a state court judgment," it does bar plaintiffs from seeking damages for "injuries directly caused by that judgment." *Dorce*, 2 F.4th at 104. Again, the source of the injury must be analyzed in tandem with the requested relief.

*Behr* does not stand for the proposition that seeking damages, rather than an injunction, allows a plaintiff to avoid the *Rooker-Feldman* doctrine. 8 F.4th at 1214. Rather, the *Behr* court held that the claims could proceed because they "seek only damages for constitutional violations of third parties—not relief from the judgment of the state court. . . ." *Id.* While the Eleventh Circuit found that relief mattered, it was not because the relief sought damages, rather than injunctive relief—as Gilbank argues, Br. 45 at 26—it was because the plaintiff sought relief from a third party's action, not from the judgment. 8 F.4th at 1214. Subsequent to *Behr*, the Eleventh Circuit reaffirmed, on at least two occasions, that claims seeking damages for an injurious state-court judgment are barred by *Rooker-Feldman. Kasbekar v. Ivy Station Cmty. Ass'n,* No. 20-10620, 2022 WL 17247551, at *2 (11th Cir. Nov. 28, 2022) ("Count 23 is derivative of the preceding counts in that it seeks attorneys' fees and exemplary damages. Thus all fell under the bar imposed by *Rooker-Feldman* because all seek to void that judgment."); *Provitola v. Comer*, No. 21-10878, 2022 WL 823582, at *2 (11th Cir. Mar. 18, 2022) ("the purpose of Provitola's constitutional claims . . . was not to determine whether he was entitled to damages for constitutional

violations; rather, their purpose was to undo the state court judgment. 'That,' we have explained, is 'a violation of *Rooker-Feldman*.'").

### E.    The District Court Properly Undertook the *Rooker-Feldman* Analysis and Should Be Affirmed.[8]

All of the injuries Gilbank complains of here arise from the state-court custodial judgments. *See* Am. Compl., Gilbank App. 50; Wood Cnty. Defs. Br., Dkt. No. 54 at 16–19; *see also* Am. Compl., Gilbank App. 34, 36 (admitting the events giving rise to her claims occurred during the time the state-court custodial judgments were in effect and occurred at the Wood County Courthouse). Despite having custody of her child when she brought suit, Gilbank named both judges that issued state-court custodial judgments against her. *Id*. at 29, 33. Gilbank cannot avoid her own description and source of her alleged injuries.

Gilbank's Amended Complaint does not identify any injuries separate from the state-court custody judgments. The District Court acknowledged that during summary judgment, Gilbank asserted separate injuries allegedly caused by the actions of the Defendants and

---

[8] The Section addresses the second and third questions posed by the Court's September 12, 2023 Order.

those claims would, thus, not be barred by the *Rooker-Feldman* doctrine. Dec., Gilbank App. at 13–16.

Because Gilbank seeks compensatory damages and preliminary and permanent injunctive relief, she still seeks review and rejection of the state-court custodial judgments. *See* Am. Compl., Gilbank App. 50. The fact that Gilbank does not seek an order of custody over her child from the district court does not render the state-court custodial judgments moot. Black's Law Dictionary defines "moot" as having "no practical significance," yet Gilbank alleges that the state-court custodial judgments caused her separation anxiety, PTSD, an erosion of trust, which she is still allegedly suffering from. *Moot*, *Black's Law Dictionary* (11th ed. 2019); Am. Compl., Gilbank App. 50.

Gilbank regaining custody in a separate proceeding does not impact the *Rooker-Feldman* analysis, as Gilbank still seeks compensatory damages for the injuries she alleges she suffered—and claims to continue to suffer—caused by the state-court custodial judgments. The Court cannot undo the year of custody; rather, the only compensation the Court can provide as relief for that custodial decision would be to award compensatory damages, and in so doing, the Court would be

reviewing and rejecting the state-court custodial judgments. *See, e.g.*, *Market*, 723 F. App'x at 573; *Provitola*, 2022 WL 823582 at \*2.

## III. CONCLUSION

The District Court correctly applied the guidance from *Exxon Mobil* in determining which claims were barred by the *Rooker-Feldman* doctrine as they sought to undo the state-court custodial judgments. Gilbank's demand for damages does not allow her to circumvent the doctrine. As such, the District Court's order should be affirmed.[9]

---

[9] If this Court determines that the District Court erred in applying the *Rooker-Feldman* doctrine to any of the claims, Defendants urged the Court to affirm dismissal on one of the other grounds raised during summary. MPD Defs. Br., Dkt. No. 55 at 38–56; Wood Cnty. Defs. Br., Dkt. No. 54 at 27–55.

Dated this 3rd day of October, 2023.

Respectfully submitted,

AMUNDSEN DAVIS LLC

s/ Jason R. Just
_____
Jason R. Just, SBN 1104647
Tiffany E. Woelfel, SBN 1093779
Amundsen Davis LLC
318 S. Washington St., Suite 300
Green Bay, WI 54301
(920)435-9378
jjust@amundsendavislaw.com
twoelfel@amundsendavislaw.com

Attorneys for Defendants-Appellees
Marshfield Police Department and
Derek Iverson

AXLEY BRYNELSON, LLP

s/ Aneet Kaur
_____
Aneet Kaur, SBN 1088063
Lori M. Lubinsky, SBN 1027575
Axley Brynelson, LLP
2 East Mifflin Street, Suite 200
Madison, WI 53703
(608) 257-5661
akaur@axley.com
llubinsky@axley.com

Attorneys for Wood County
Department of Human Services,
Theresa Heinzen-Janz, Mary
Christensen, Anne La Chapelle,
and Mary Solheim

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), typeface requirements of Fed. R. App. P. 35(b)(2)(A) and the Court's September 12, 2023 Order, and type style requirements of Fed. R. App. P. 32(a)(6).

This brief contains 3,870 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in 14-point Century Schoolbook.

Dated this 3rd day of October, 2023.

AMUNDSEN DAVIS LLC

*s/ Jason R. Just*
Jason R. Just, SBN 1104647
Tiffany E. Woelfel, SBN 1093779

AXLEY BRYNELSON, LLP

*s/ Aneet Kaur*
Aneet Kaur, SBN 1088063
Lori M. Lubinsky, SBN 1027575
Cecelia A. Heberling, SBN 1118904

## CERTIFICATE OF SERVICE

I certify that on October 3, 2023, I electronically filed the foregoing Brief of Defendants-Appellees **Marshfield Police Department, Derek Iverson, Wood County Department Of Human Services, Theresa Heinzen-Janz, Mary Christensen, Anne La Chapelle, and Mary Solheim** with the clerk of court using the CM/ECF system, which will accomplish electronic notice and service for all participants who are registered CM/ECF users.

Dated this 3rd day of October, 2023.

AMUNDSEN DAVIS LLC

*s/ Jason R. Just*
Jason R. Just, SBN 1104647
Tiffany E. Woelfel, SBN 1093779

AXLEY BRYNELSON, LLP

*s/ Aneet Kaur*
Aneet Kaur, SBN 1088063
Lori M. Lubinsky, SBN 1027575
Cecelia A. Heberling, SBN 1118904